U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 25 2017

TONY R. MOORE, CLERK
BY._____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. 6:16-cv-01089 |
| Plaintiff | § § § | |
| v. | § § | JUDGE DOHERTY |
| | § | MAG. JUDGE HANNA |
| ALDONSA, INC. D/B/A OILFIELD INSTRUMENTATION | § § | |
| Defendant. | § | |

## CONSENT DECREE

1. Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff" "EEOC" or "the Commission") filed this action on July 25, 2016 in the United States District Court for the Western District of Louisiana, charging Aldonsa, Inc., d/b/a Oilfield Instrumentation, USA (Aldonsa, Inc." or "Defendant"), with violations of the Americans with Disabilities Act, as amended ("ADAAA") and Title I of the Civil Rights Act of 1991. EEOC's complaint alleged that Defendant engaged in unlawful employment practices when it discriminated against Charging Party Carl Devalcourt, II ("Devalcourt") due to his disability by rescinding his job offer on the basis of a medical condition in violation of the ADAAA.

2. This suit was brought to provide make whole relief for Charging Party, Carl Devalcourt, II, and to obtain appropriate injunctive relief precluding Defendant from rescinding job offers on the basis of a disability without first conducting an individualized assessment of the individual's ability to perform the essential functions of the job with or without accommodation.

EEOC v Aldonsa, Inc.

1

3.  Defendant has not admitted and specifically denies that it has engaged in any unlawful employment practices with regard to Carl Devalcourt, II;

4.  The Commission and Aldonsa, Inc., (the "Parties") have agreed to settle this matter for the relief specified in this Consent Decree ("Consent Decree").

5.  The Parties now wish to resolve all claims and controversies encompassed by or which could have been brought in this lawsuit without burden, expense or delay of further litigation;

<u>JURISDICTION</u>

6.  This Court has jurisdiction over the parties and the subject matter of this action.

<u>FINDINGS</u>

7.  The terms of this Consent Decree were reached by a process of negotiation and compromise. The parties agree the terms of this Consent Decree represent the result of good faith negotiations by both parties.

<u>SCOPE</u>

8.  The negotiation, execution and entry of this Consent Decree resolves any and all claims brought or which could have been brought by the Commission against the Defendant Aldonsa, Inc., arising out of EEOC Charge Number 461-2013-02010 and the instant action.

9.  Neither the negotiation, the execution, nor the entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by Aldonsa, Inc., that its officers, agents or employees have violated or have not been in compliance with the ADA.

Therefore, it is ORDERED, ADJUDGED, AND DECREED that:

EEOC v Aldonsa, Inc.

2

## INDIVIDUAL RELIEF FOR CHARGING PARTY

10. (a) File Handling: Defendant will put in a separate and confidential folder any and all documents related to Carl Devalcourt, II, Devalcourt's EEOC Charge Number 461-2013-01020, the charge investigation, and this lawsuit.

(b) Job Reference: Carl Devalcourt, II will advise all potential employers seeking information regarding his application for employment with Defendant to contact Defendant's Human Resources manager, and Defendant will not provide any information concerning Devalcourt which would indicate that he brought a discrimination charge or claim against Oilfield Instrumentation, or that the EEOC filed suit against Aldonsa, Inc., based on the aforesaid charge. Defendant agrees it will not inform anyone that Devalcourt was denied employment due to a medical condition.

11. Monetary Relief: Within twenty (10) days after the entry of this Decree or execution of the Release, whichever is later, Defendant agrees to pay Charging Party the total sum of $25,000.00 ("Settlement Amount") in full and final settlement of all claims which were or could have been raised in this cause of action inclusive of costs and attorneys' fees. The parties agree that $10,000.00 of the total Settlement Amount is intended to compensate Charging Party for back pay and thus, this $10,000.00 will be subject to applicable withholding for federal payroll and income taxes. For the sum of back pay subject to withholding in this Paragraph, Defendant shall issue an individual Internal Revenue Service ("IRS") Form W-2. For the remaining $15,000.00 of the Settlement Amount paid pursuant to this Decree, Defendant shall issue an individual IRS Form 1099.

12. Distribution of Funds Defendant shall send its payment check directly to Mr. Carl J. Devalcourt, II at an address which the Commission will supply to Defendant no later than the date on which this Consent Decree is first submitted to the Court. Defendant shall mail

EEOC v Aldonsa, Inc.

the settlement checks via fed ex, delivery receipt requested or certified mail, return receipt requested.

13. Within two days of distributing the settlement checks to Devalcourt the Defendant shall provide EEOC's Trial Attorney Alexandra Navarre-Davis or her designee (hereafter "the EEOC's Designated Attorney") a copy of each of the checks distributed to Carl Devalcourt, II, at the following address: Equal Employment Opportunity Commission, attn.: Alexandra Navarre-Davis, 500 Poydras Street, Suite 809, New Orleans, LA, 70130.

INJUNCTION AGAINST DISABILITY DISCRIMINATION

14. Defendant, its directors, officers, agents, employees, successors, assigns and all persons acting in concert with it are hereby enjoined from any present or future violations of the ADAAA that include:

    (a) Failing to engage in an interactive discussion with an employee or applicant with a disability under the ADAAA, whose disability is made known to Defendant, to determine if there is a reasonable accommodation available to allow the employee or applicant to perform the essential functions of the job or to apply for a job;

    (b) Denying a qualified individual with a disability, whose disability is made known to Defendant, a reasonable accommodation where appropriately requested absent any undue hardship or direct threat under the ADAAA;

    (c) Failing to conduct an individualized assessment, including consideration of information provided by the applicant or the applicant's treating physicians, to determine whether an applicant with a disability, whose disability is made known to Defendant, could perform the essential functions of the job with or without reasonable accommodation;

    (d) Rescinding a job offer on the basis of a generalized determination of medical conditions without medical evidence from a licensed physician.

DISABILITY DISCRIMINATION POLICIES AND PROCEDURES

15. (a)Within thirty (30) days of the effective date of this consent decree, Defendant will

EEOC v Aldonsa, Inc.

notify [by email or with paycheck] all employees of Aldonsa Inc.'s written Equal Employment Opportunity ("EEO") policy addressing any discrimination complaints in all aspects of employment, including but not limited to those on the basis of disability. The policy shall also address requests for accommodation and what procedure an employee should follow in making such requests. A copy of this EEO policy shall be posted on employee bulletin boards. The availability of this policy will be reiterated during training provided to all management and human resource personnel. Defendant shall certify to the Commission that all employees have been notified of the EEOC policy within sixty (60) days after the effective date of this Consent Decree.

(b) Defendant will agree within Thirty (30) days after the execution of this Consent Decree to draft a notice  as an attachment to the application to give to persons applying for a position, which contains language to notify all applicants of their rights to seek accommodation, where necessary, to either assist them with the application process or assist them in determining if they are able to perform the essential functions of the job in question, and their right to have the company or doctor performing any pre-employment physicals speak with their own physicians to determine if any disability can be accommodated or needs to be accommodated to assist the applicant in performing the essential functions of the job in question. Defendant will ensure the applicant that it will make an informed decision based on current scientific medical information about the applicant's medical condition and how it affects his/ her ability to be hired for the position in question.

The attachment to the application is to be sent to the EEOC for review. The EEOC shall have 30 (thirty) days to approve it or suggest changes. Once the changes are approved, Defendant shall have twenty (20) days to disseminate the jointly approved attachment to all applicants whether in person or online.

EEOC v Aldonsa, Inc.

16. Within twenty (20) days after the employees have been notified of the EEO Policy, and after the Defendant has created the attachment to the application notifying the applicants of their rights, Defendant shall provide EEOC's Designated Attorney a certification of compliance with these requirements.

17. Defendant agrees it shall provide a written notice to all physicians who conduct pre-offer physicals of what is expected in conducting these examinations, particularly when dealing with an individual who has a medical condition or disability which may affect his or her ability to perform the essential function of the job in question. In particular, the notice shall recommend consultation with the applicant about his/her medical condition and how it affects his or her ability to perform the essential functions of the job, whether there is any available accommodation to assist him/her and consultation with the applicant's treating physician to ascertain the same information before determining an employee is unable to perform the essential functions of the job. This notice is to be drafted within thirty (30) days of the entry of this Consent decree. A draft shall be sent to the EEOC, who will then have thirty (30) days to approve it or suggest changes. Once changes are approved, Defendant has twenty (20) days to disseminate the jointly approved notice to physicians who conduct its pre-employment physicals.

18. Defendant agrees that before making a decision to deny an applicant hire based on a medical condition or disability which may or may not affect their abilities to perform the essential functions of the job at issue, it will consult with the applicant regarding the applicant's ability to perform the essential functions of the job, with or without an accommodation.

19. Defendant agrees that if it updates its EEO Policy or the application notification during the duration of this decree, Defendant will forward a copy of the revised policy to the EEOC's Designated Attorney.

EEOC v Aldonsa, Inc.

6

TRAINING PROVISIONS

20. The Defendant agrees to conduct training, for the duration of this decree as follows:

a) Defendant will, on an annual basis and for the duration of the decree, conduct a two (2) hour training program for all human resources personnel, concerning its obligation to comply with the provisions of this Consent Decree and the ADAAA, and particularly providing training regarding:

    (i)    the Defendant's duties under the ADAAA, particularly the duty to provide individuals with a disability a reasonable accommodation absent an undue hardship or direct threat,

    (ii)    What constitutes direct threat, particularly that the individual's disability must pose a significant risk or high probability of substantial harm to others or self, based on current objective reasonable medical evidence, which cannot be accommodated to eliminate the risk;

    (iii)    duty to inform applicants of their rights when applying for a job, and of Defendant's duty to reasonably accommodate them in the hiring process and during post offer, pre-employment physicals;

    (iv)    Defendant's duty to notify all physicians conducting post offer pre-employment physicals of their duty to adhere to the provisions outlined in the notice attached to the application (discussed above)

    (v)    the identity of the person(s) to whom the employees can make their reasonable accommodation requests;

    (vi)    the Defendant's procedures for granting or denying a request for a reasonable accommodation;

    (vii)    the responsibility of Defendant's staff who are implementing the provisions contained in this decree and in Defendant's policies to respond to any complaints received by an applicant regarding denial of a position based on their medical condition or disability when applying for a position and,

    (viii)    EEOC guidance on ADAAA and its administration.

21. Further, Defendant will provide specific training to managers and human resource personnel (particularly those employees responsible for hiring and/or making reasonable accommodation decisions for Defendant Aldonsa, Inc.) about their duties and responsibilities in providing

EEOC v Aldonsa, Inc.

reasonable accommodations under the ADAAA, and in adhering to the Defendant's EEO Policy discussed above.

22. The initial training program for managers and Human Resources personnel shall be conducted in person within four months after the entry of this Decree.

23. The training concerning Defendant's obligations under the ADAAA shall be conducted by qualified outside employment counsel, with at least five (5) years employment law experience, and shall be accompanied by written materials covering the ADAAA topics and ADAAA policies and procedures discussed within this Decree. A training agenda and accompanying materials to be distributed to trainees will be provided to the EEOC at least thirty (30) days prior to the training. The EEOC will have the opportunity to comment and negotiate changes to the agenda until two week(s) before the training is conducted.

24. The Defendant shall report to the EEOC's Designated Attorney, the following information regarding the Defendant's ADA/ ADAAA training program:

    (a) the identity(ties) and resume of the ADA and company policy trainer(s);

    (b) all date(s) such training occurred;

    (c) the names and positions of everyone who personally attended the training;

    (d) For all live, in person training provided pursuant to this Consent Decree, all attendees must sign to verify their attendance for the entire event and this sign in log must be provided to the Commission along with a list of the names of each attendee. A list of the topics covered during all such programs, or in lieu of a topics list, a copy of the program outlines, materials or videotapes that were utilized during the training shall be provided to the Commission.

    (e) A video or tape of the live training will be provided to all new managers and human resource persons or those who missed the annual live training and Defendant will provide to the Commission the same information contained in (a)-(c) above.

EEOC v Aldonsa, Inc.

## RECORDKEEPING PROVISIONS

25. For the duration of this Decree, the Defendant shall maintain a record of Aldonsa, Inc., applicants who seek employment, are sent for pre-employment physicals and/or request an ADA accommodation.  Such records shall include:

     (i)     each applicant's name, address, and phone number;

     (ii)     the position each applicant applied for hire;

     (iii)     a description of each applicant's disability if it is made known to Defendant;

     (iv)     the date each applicant was offered employment if an offer was extended;

     (v)     the date each applicant was sent for pre-employment physical;

     (vi)     information regarding whether each applicant was denied employment based on their physical, particularly the date of the physical, who conducted the physical, the date they were denied employment and the reason for the rescission of the job offer;

     (vii)     the names of the personnel who handled any decision to rescind the job offer or terminate the applicant/employee;

     (viii)     copies of all letters issued to the applicants informing them the job offer was rescinded.

26. Upon the EEOC's request, the Defendant shall make all documents or records referred to in Paragraph 24 above, excluding any attorney-client privileged documents or records, available for inspection within fifteen (15) business days after EEOC so requests, or a reasonable time period if the volume of the request would make compliance with fifteen (15) business days a substantial hardship.

## REPORTING PROVISIONS

27. During the term of this agreement, the Defendant shall submit two annual reports notifying the Commission if any internal complaints or EEOC charges were received during each interim period alleging an applicant was denied employment due to their medical condition, if

EEOC v Aldonsa, Inc.

there were none, Defendant shall report such. The second report should be submitted within ninety (90) days of the expiration of the Consent Decree. In the event the Defendant reports any complaints raised to Human Resources concerning Defendant's alleged failure to hire applicants because of a disability or medical impairment, the EEOC shall have access, upon advance notice of at least ten (10) days to the Defendant, to any written reports or complaints regarding this failure to accommodate complaint and to any investigative documents that are in the control or possession of Defendant, excluding any attorney-client privileged documents or records.

28. Defendant shall send all reports, certificates, or other materials required under this Decree to the EEOC to Alexandra Navarre-Davis, Trial Attorney, or her designee, at the following current physical address, U.S. EEOC, New Orleans Field Office, Hale Boggs Federal Building, 500 Poydras Street, Suite 809, New Orleans, Louisiana 70130 and to her email address: alexandra.navarre-davis@eeoc.gov.

29. Defendant shall conspicuously post in appropriate places the EEO is the Law Poster for the duration of the decree following the effective date of this Consent Decree.   Attached as Exhibit A.

## DISPUTE RESOLUTION

30. In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged non-compliance and shall afford Defendant twenty (20) business days to remedy the alleged non-compliance or to satisfy the EEOC that the Defendant has complied.  If the Defendant has not remedied the alleged non-compliance or otherwise satisfied the EEOC that it has complied within twenty (20) business days, the EEOC may apply to this Court for appropriate relief.

EEOC v Aldonsa, Inc.

## CONSENT DECREE COMPLIANCE AND ENFORCEMENT

31. Should any provision of this Decree be declared or be determined by this Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

32. This Decree sets forth the entire agreement between the Commission and Defendant Aldonsa, Inc., as to the captioned lawsuit, and fully supersedes any and all prior agreements or understandings between the Commission and Defendant Aldonsa, Inc., pertaining to the subject matter herein.

33. The Commission and the Defendant Aldonsa, Inc. will bear their own attorney's fees and costs incurred in connection with the litigation of this case.

## CONSENT DECREE DURATION

34. This Decree shall remain in effect for a period of two years from the date of its execution. The two years following the Court's execution and entry of this Decree shall constitute the "Compliance Period."

35. The Court shall retain jurisdiction of this action for the purposes of (A) enforcing this Decree, as appropriate, during the Compliance Period and any period during which any enforcement action under this Decree is pending, and (B) enforcing the separate Settlement and Release of Claims Agreement executed by Devalcourt and Defendant.

[Remainder of page left blank]

EEOC v Aldonsa, Inc.

IT IS SO ORDERED,

THUS DONE AND SIGNED, Lafayette, Louisiana, this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE
MAGISTRATE

APPROVED AS TO FORM AND CONTENT:

FOR THE PLAINTIFF:

JAMES L. LEE
Deputy General Counsel
No Bar Roll Number Assigned

GWENDOLYN YOUNG REAMS
Associate General Counsel
No Bar Roll Number Assigned

RUDY SUSTAITA
Regional Attorney
Texas Bar Roll No. 19523560
Email: rudy.sustaita@eeoc.gov

ROSE ADEWALE-MENDES
Supervisory Trial Attorney (Acting)
No Bar Roll Number Assigned
Email: rose.adewale-mendes@eeoc.gov


____/s/ Michelle T. Butler_____
MICHELLE T. BUTLER
Senior Trial Attorney
La. Bar Roll No. 1286
Email: michelle.butler@eeoc.gov

EEOC v Aldonsa, Inc.

12

/s/ Alexandra Navarre-Davis
ALEXANDRA NAVARRE-DAVIS, T.A.
TRIAL ATTORNEY
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street - Suite 809
New Orleans, Louisiana 70130
Telephone:     (504) 595-2914
Facsimile:     (504) 595-2886
Email:         alexandra.navarre-davis@eeoc.gov
COUNSEL FOR PLAINTIFF-EEOC

FOR THE DEFENDANT

ALDONSA, INC., d/b/a OILFIELD
INSTRUMENTATION USA

/s/ Thomas McGoey
THOMAS MCGOEY
La Bar Roll No. 18330
Email: tjmcgoey@liskow.com
Telephone: (504) 299-6101
Fax: (504) 556-4108

/s/ Kindall James
KINDALL JAMES
La Bar Roll No. 31203
Email: kjames@liskow.com

LISKOW AND LEWIS, APLC
701 Poydras St., Suite 5000
New Orleans, La 70139
Telephone:     (504) 581-7979
Fax:           (504) 556-4120
COUNSEL FOR DEFENDANT
ALDONSA,    INC.,    d/b/a    OILFIELD
INSTRUMENTATION, USA

EEOC v Aldonsa, Inc.